I dissent from the decision of the majority, which concludes that appellate counsel rendered ineffective assistance by failing, when this cause was pending before the Alabama Supreme Court, to move, pursuant to Rule 10(f), A.R.App.P. (now Rule 10(g), A.R.App.P), to supplement the record with the transcript of the voir dire examination of the prospective jurors.
This decision conflicts with the reasoning and result ofJames v. State, 564 So.2d 1002 (Ala.Cr.App. 1989). In James, this court held that trial counsel did not render ineffective assistance in not making a motion pursuant to Batson v.Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).James was tried before the Batson decision was released. This court on many occasions has declined to hold assistance of counsel ineffective for not forecasting changes in the law.James, supra; Morrison v. State, 551 So.2d 435 (Ala.Cr.App. 1989), cert. denied, 495 U.S. 911, 110 S.Ct. 1938,109 L.Ed.2d 301 (1990), and cases cited therein. "The devil himself knoweth not the mind of man."
At the time of the trial in this case, Swain v. Alabama,380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), was the law.
 "Under Swain, a defendant alleging that the prosecution exercised its peremptory challenges to discriminate unlawfully against a particular group had to demonstrate that the State had systematically excluded members of that group from juries over a period of time."
James, 564 So.2d at 1005. When a defendant was tried under the rules applicable in Swain, there was no procedure to preserve a record such as that contemplated under the Batson decision.
With that in mind, I conclude that appellate counsel's assistance was not made ineffective by the failure to move to supplement the record on appeal. At that time, the procedures for establishing a "Batson violation" did not exist. It would be strange indeed if counsel had proceeded to suggest, and then had been allowed to establish a prima facie case, according to judge-made law that was then only a gleam in the eye. If there is in the record of the voir dire examination something that may be pertinent, the appellant is entitled to have it considered. If that is the situation, this court, on its own motion, should send this cause back for the circuit court to supplement the record. In my opinion, appellate counsel did not render ineffective assistance of counsel as defined byStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984).